# IN THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KELLY MCNEAL, ET. AL**                                                                 **PLAINTIFFS**

**VS.**                                                                    **CAUSE NO. DC7029-S**

**TATE COUNTY SCHOOL DISTRICT, ET. AL**                          **DEFENDANTS**

## BRIEF IN SUPPORT OF TATE COUNTY SCHOOL DISTRICT'S
## MOTION FOR EXPEDITED REVIEW

COMES NOW, the Defendant TATE COUNTY SCHOOL DISTRICT (hereinafter "the District"), and files this, its Brief in Support of Motion for Expedited Review and, in support thereof, would show unto this Court as follows:

### Introduction

On April 1, 2016, Tate County filed its Motion to Alter Attendance Zones Lines.

No response was received by any party until May 2, 2016 when attorney Solomon C. Osborne, Sr. asked for more time to make a response. Mr. Osborne filed his motion on behalf of Jessie Edwards and other unnamed parties.

The District's request is to alter attendance zone lines for the coming 2016-2017 school year.

As such, time is of the essence in this matter as plans for students and teachers must be made as soon as possible for the coming 2016-2017 school term.

These plans necessarily hinge on this Court's decision in this matter.

**Law and Argument**

I. **No Timely Response Has Been Made By Any Party, Making This Request Ripe For Review.**

To date, no Party or would-be Party has filed any objection to the District's Motion. While Mr. Osborne has asked for more time to respond, his request was untimely and does not meet the standards of good cause and excusable neglect.

Local Rule 7(4) of the Uniform Rules of the Northern and Southern Districts states that counsel "must" respond to motions filed within fourteen days after service. Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure states that "for good cause" a court may extend a deadline before the original deadline or its extension expires. A party seeking and after-the-fact extension carries the heavier burden of showing both "excusable neglect" and "good cause." *Rashid v. Delta State University*, 306 F.R.D. 530, 533 (N.D. Miss. April 17, 2015).

Mr. Osborne has not articulated any "good cause" for the failure to timely file the response. In this case, counsel filed no response within the fourteen day time frame and is only now, some 30 days after service of the motion, applying to this Court for additional time to respond.

There is no question that Mr. Osborne timely received the Motion. Mr. Osborne has not explained to the Court why he could not have made his response within the original fourteen day window. Instead, Mr. Osborne argues that Mr. Edwards, his client, and other unnamed clients, received the Motion only on April 29, 2016. This is not a showing of "good cause" for several reasons. First, Mr. Osborne received the Motion and has not cited any impediment he had in filing a timely response on behalf of his clients. Second, it is unclear how and when Mr. Edwards

became a party to this decades old case. It is respectfully submitted that, upon information and belief, Mr. Edwards does not have a child enrolled in the Tate County School District. Without a child in the District, Mr. Edwards has no standing to bring this action. Asking for more time to respond to a 30 day old motion for a non-party litigant who lacks standing cannot amount to good cause.

The party seeking to invoke federal jurisdiction has the burden of establishing standing. *Osterweil v. Edmonton*, 424 F. App'x 342, 343 (5th Cir. 2011). The burden of standing is determined by the present stage of the litigation; as a rule, standing becomes more difficult to establish as the litigation progresses. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560561 (1992). Standing requires an injury in fact; a causal connection between the injury and the conduct complained of and a conclusion that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. at 560-61, 112 S. Ct. 2130.

Here, Mr. Osborne fails to show this Court how Mr. Edwards has any injury which would amount to standing in this matter. Mr. Edwards does not have any children attending the Tate County School District. Without children in the District, Edwards could not and does not have an injury that is likely to redressed by this Court's decision. Because he cannot make such a showing, Mr. Edwards lacks standing to make any argument in this claim. Accordingly, the instant request for additional time is moot.

Mr. Osborne has also not shown "excusable neglect." The relevant factors when considering whether there has been "excusable neglect" in failing to meet a filing deadline are: prejudice to the other party, length of the delay and its potential impact on the proceedings, reason for the delay and good faith. *Id*. Finally, even if good cause and excusable neglect are

3

shown, it is within the court's discretion as to whether the motion for an extension of time should be granted. *Id*.

Here, there can be no finding of "excusable neglect" when the District will be seriously prejudiced by a delay in the proceedings. The District, for financial and educational reasons, wants to and needs to pursue the modification of the attendance zone lines for the 2016-2017 school year. Without this Court's approval, the modification cannot occur. In order to effectively transition the affected students, the District needs a ruling from the Court in short order. The instant Motion is ripe for a ruling. With three months before the start of school, a delay would cause the students, faculty and administration of Tate County undue hardship in that future plans could not be carried out for the assignment of students in the District. Quite simply, if the ruling is delayed, even if it ultimately favorable to the District, it may not come in time to be implemented this coming school year. This will result in the District keeping a a school open for a dwindling population and the children to be transferred will lose out on additional resources available at their new "home" school.

In this same vein, the "length of the delay" factor also weighs against extending the deadline. The "reason for the delay" and "good faith" factors also weigh against the extension of time. It is unclear why Mr. Edwards only received a copy of the Motion on April 29th, 28 days after the Motion was filed. Nevertheless, it also unclear as to whether (1) Mr. Edwards has ever appeared in this case and (2) whether he has standing to make any argument in this case. Upon information and belief, Mr. Edwards is not a parent of any child currently enrolled in the District. Without such a connection, Edwards lacks standing to bring any claims in this case.

II. **Tate County's Plan Is Constitutionally Sound.**

Additionally, no Party can make any cogent argument that Tate County's Plan is not constitutional. Tate County proposes as follows:

The District proposes discontinuing the 9-12 classes at Coldwater High School for the upcoming 2016-2017 school year and reassigning those rising Coldwater High 9-12 grade students to either Strayhorn High School or Independence High School. To accomplish this goal, the District requests the Northwesterly Attendance Zone Line be re-drawn as follows:

> Hwy. 51 will be used as the boundary line. It bisects the Northwesterly Attendance Zone. Those students living on the east side of Hwy. 51 will attend Independence High School and those students living on the west side of Hwy. 51 will attend Strayhorn High School.

Following this reassignment, the populations at Independence High School and Strayhorn High School will be as follows:

| IHS | White | African American | Asian | Hispanic | Total |
|---|---|---|---|---|---|
| 15-16 | 248 (62%) | 135 (33.75%) | 2 (<1%) | 15 (3.75%) | 400 (9-12) |
| 16-17 (51) | 263 (57.6%) | 170 (37.6%) | 2 (<1%) | 16 (3.5%) | 451 (9-12) |
| SHS | | | | | |
| 15-16 | 206 (81.4%) | 37 (14.6%) | 1 (<1%) | 9 (3.5%) | 253 (9-12) |
| 16-17 (91) | 211 (62.2%) | 118 (34.3%) | 1 (<1%) | 14 (4.1%) | 344 (9-12) |

This will result in a population at the high schools which mirrors the District's overall student population. As such, the plan is in keeping with the court order governing this case.

III. **Tate County's Plans For The 2016-2017 School Term Hinge On This Court's Decision.**

Finally, Tate County requests expedited review of this matter so that, as expressed hereinabove, it can make appropriate plans for the 2016-2017 school year. If Coldwater High is

5

to be closed, plans for receiving its students and teachers into the remaining schools must be made as soon as possible.

For these reasons, the District requests a ruling on this matter from the Court at the earliest possible date.

Respectfully submitted,
JACKS GRIFFITH LUCIANO, P.A.

By: /s/ *Jamie F. Jacks*
JAMIE F. JACKS, MS Bar #101881
P. O. Box 1209
Cleveland, Mississippi 38732
Telephone: 662-843-6171

**CERTIFICATE OF SERVICE**

I, Jamie F. Jacks, attorney for Defendant Tate County School District, do hereby certify that I have this day caused a true and correct copy of the above and foregoing TATE COUNTY SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION FOR EXPEDITED REVIEW to be delivered by ECF filing system to all counsel of record who have entered their appearance in this action, as well as mailing by U.S. mail, postage prepaid, a true and correct copy to the following:

Honorable Minnie P. Howard
North Mississippi Rural Legal Service
P. O. Box 928
Oxford, MS 38655-0928

This, the 11th day of May, 2016.

/s/ *Jamie F. Jacks*
JAMIE F. JACKS