# IN THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KELLY MCNEAL, ET AL.**                           **PLAINTIFFS**

**VS.**                                            **CASE NO. DC7029-S**

**TATE COUNTY SCHOOL DISTRICT, ET AL.**     **DEFENDANTS**

### MOTION FOR RELIEF PURSUANT TO DESEGREGATION ORDER, FOR DISCOVERY, TO COMPEL DEFENDANTS TO FILE COMPLETE MANDATED REPORTS AND TO COMPLY WITH THE REQUIREMENTS OF THE AUGUST 4, 1970 DESEGREGATION ORDER

**COME NOW PLAINTIFFS** by and through counsel and file this their motion for relief pursuant to the August 4, 1970 desegregation order entered in this case, and for discovery. The Plaintiffs hereby move for relief in the above-captioned matter for the purpose of enforcing the operative desegregation orders that govern the Tate County School District and for discovery. In support thereof, Plaintiffs would show that:

1. This Motion is necessary because the Defendants have consistently and intentionally, over a period of years, filed reports which do not contain the information they were ordered to file pursuant to paragraph IX,

subparagraph (2) of the August 4, 1970 desegregation order entered by this Court in this case.

2. Paragraph IX, sub-paragraph (2) of the desegregation Order requires the defendants to report" the number of full time teachers by race in the district; the number of full time teachers by race in each school in the district; and the number of part time teachers by race in each school in the district."

3. Defendants have consistently and intentionally filed reports with the court which do not contain the information required by paragraph IX, sub-paragraph (2) of the August 4, 1970 desegregation order.

4. Plaintiffs would show that they are parents of children who attend schools within the Tate County School District who seek relief from this Court to force the Defendants to dismantle the dual school system currently operated by the Defendant and to eliminate the vestiges and effects of the dual school system which still exists in the Tate County, Mississippi School District.

5. On August 4, 1970, this Court entered an Order requiring the Defendants to cease operating a dual school system and to begin, at once, to operate a unitary school system.

6. **Defendants were permanently enjoined from discriminating on the basis of race or color in the operation of the Tate County School District schools, and were ordered to take affirmative steps to dismantle all school segregation and to eliminate the effects of the illegal de jure dual school system.**

7. **To date, the Defendants are still practicing discrimination in the operation of the Tate County School District, and they have failed and refused to dismantle the dual school system.**

8. **Plaintiffs seeks enforcement of the 1970 Order to halt the discriminatory use of attendance zones to maintain segregated school; to end the segregation of the District's faculty and staff; to end segregated bus routes; to end racial discrimination in extracurricular activities; to end racial discrimination in school construction and school maintenance; to end racial discrimination in school site selection; to end racial discrimination in student discipline; to end racial discrimination against black faculty and staff; and to end racial discrimination against black applicants for jobs and for promotion.**

9. **Defendants have violated paragraphs I, II, III, IV, V, VI, VII, and IX of the desegregation Order by operating schools that are virtually all white or all black in student population; by gerrymandering school attendance**

zone lines to maintain one race schools, or virtually one race schools; by operating a freedom of choice system which has aided in keeping district schools segregated; by allowing students to attend schools outside of the attendance zone in which they live; by assigning staff and teachers to schools where the racial composition of the teachers and staff indicates that a school is intended for black or white students; by hiring, demoting, and terminating faculty and staff on the basis of racially discriminatory, non-objective criteria; by building and constructing schools on sites which have led to greater segregation in the Tate County, Mississippi School District ; by discriminating against students in schools with predominantly black student populations in course offerings, and by placing inexperienced teachers at said schools; by failing to provide students attending predominantly black schools materials, academic support, books, and other educational materials and equipment which is regularly and habitually provided to students at predominantly white schools; by providing outdated books and written materials to students at predominantly black schools; by discriminating in sports and other equipment provided to students at predominantly black schools; by discriminating in the availability of extracurricular and sports programs to students attending predominantly black schools; by disciplining black

students more harshly than similarly situated white students; by involving law enforcement personnel in disciplinary actions involving black students, while not seeking the assistance of law enforcement when similarly situated white students are involved; and, by intentionally and consistently failing to comply with paragraph IX, subparagraph 2 of the 1970 desegregation order, by failing to include in the required annual reports, information ordered by this Court in paragraph IX sub-paragraph (2) of the August 4, 1970 desegregation order.

10. Reports which Plaintiffs have obtained from the Court Clerk's office, and from the Federal Records Center in the State of Georgia, do not contain the information Defendants were ordered to include in the annual report to this Court pursuant to paragraph IX, sub-paragraph (2) of the August 4, 1970 desegregation order.

11. Plaintiffs allege that the Defendant District does not assign faculty and staff to schools in compliance with the desegregation order entered in this case, and, that white faculty and staff are assigned to predominately white schools, and that black faculty and staff are assigned to predominately black schools.

12. The Reports which Defendants have filed with this Court do not comply with paragraph IX, sub-paragraph (2) of the desegregation order.

13. **This Court has never held, and Defendants have never asserted, that the District has satisfied the legal requirements for unitary status, such that the desegregation orders governing the District should no longer apply to the Defendants.**

14. **The Defendants were ordered to file annual reports and to report to the Court the information which the order of August 4, 1970 requires.**

15. **The failure of the Defendants to file reports with the information required by the desegregation order of August 4, 1970 is contumacious and intentional, and the failure to file reports with all of the required information has hampered the Plaintiffs, and is hampering the Plaintiffs, in complying with the timetable of the order entered by this Court on June 14, 2016. Plaintiffs therefore need to conduct discovery to obtain the information which the desegregation order requires the defendants to include in their annual report to this Court.**

16. **During the course of investigating this matter, Plaintiffs have uncovered substantial allegations made by witnesses that defendants discriminate against black students in the enforcement of disciplinary procedures and policies, and that the defendants also discriminate against black faculty and staff. Plaintiffs request this Court allow them to conduct discovery to seek information about defendants' treatment of black students and black**

faculty and staff during the period the desegregation order has been in effect.

17. In addition, Plaintiffs request that this Court orders Defendants to provide to Plaintiffs the number and race of students who have been granted transfers to attend school outside of the attendance zone of their residence or outside of their district; and order the Defendants to provide the number and race of students who have been allowed to transfer from other districts into the Tate County District to attend school, for the period between 2005 and 2016.

18. Plaintiffs request that this Court enters an order requiring the Defendant to file reports that are in compliance with the desegregation order entered in this case on August 4, 1970, for period during which the desegregation order has been in effect.

19. Additionally, Plaintiffs also pray for an order from this court allowing them to conduct discovery regarding disciplinary action that the Defendant district has taken against black students and black faculty and staff during the period of time that the desegregation order has been in effect ; that an order be entered allowing the Plaintiffs to conduct discovery regarding students who have been allowed to transfer into the Tate County District and out of the Tate County District during this same period of time ; that

an order be entered allowing Plaintiffs to conduct discovery regarding teacher and faculty assignment to the District schools ; and to conduct discovery regarding the race and number of students who have exercised their option under the "minority /majority transfer program", or "freedom of choice program", since the order of desegregation has been in effect.

20. Plaintiffs have attached reports to this Motion which they had planned to use to prepare their response to Defendants' Supplemental Motion. However, the reports do not contain the information the Plaintiffs need in order to prepare their response to Defendants Supplemental Motion. In the reports filed with this Court, the Defendants have consistently and intentionally omitted from their reports the information ordered by this Court in paragraph IX, sub-paragraph two (2) of the August 4, 1970 Desegregation Order. (See August 4, 1970 Order attached hereto as Exhibit "1". Plaintiffs have sent a letter to opposing Counsels by email, requesting that Defendants file amended reports and submit to the Court and Plaintiffs, the information they were ordered to include in their annual report to this Court. Plaintiffs have also requested the Defendants to provide other relevant information as well, (see Exhibit "2" letter emailed to opposing counsel.) The reports which Plaintiffs intend to use in

their response to Defendants Supplemental Motion, are attached to this Motion as Exhibit 3 through Exhibit 15.

21. Plaintiffs seek an order from this Court requiring the Defendants to file amended reports with this Court containing the information required by the August 4, 1970, desegregation order.  Plaintiffs also request that the time for filing their response be extended to a reasonable time after the Defendants have provided the information which they were ordered to include in their annual report to this Court, and which they have not included in the annual report they were ordered to file with this Court.

22. Plaintiffs also request that defendants be ordered to provide the other information requested by this Motion at the same time that they are required to file the information necessary to comply with paragraph IX, sub-paragraph (2) of the August 4, 1970 desegregation order.

For the above and foregoing reasons, it is respectfully requested that this Honorable Court enters an Order, granting Plaintiffs the relief requested by this Motion. Plaintiffs also pray for general relief.

This the 23 day of June 2016.

**Respectfully submitted,**

        SOLOMON C. OSBORNE, SR.


/s/ *Solomon C. Osborne, Sr.*
SOLOMON C. OSBORNE, Sr.
216 STAR STREET
Greenwood, MS 38930
662-453-9112
662-392-7524 (c)
solomonosborne@mail.com

## CERTIFICATE OF SERVICE

I, Solomon C. Osborne, Sr., attorney for Movants Undra Todd, et al, hereby certify that I have this day caused a true and correct copy of the above and foregoing MOTION FOR RELIEF PURSUANT TO DESEGREGATION ORDER to be delivered by ECF filing system to all counsel of record who have entered their appearance in this, action, as well as mailing by U.S. mail, postage prepaid, a true and correct copy to the following:

    Honorable Jamie F. Jacks
    P.O. Box 1209
    Cleveland, MS 38732, and,

    Honorable John Lamar, Jr.
    LAMAR & HANNAFORD, P.A.
    214 South Ward Street
    Senatobia, MS 38668

This the 23rd day of June 23, 2016, 2016

        /s/ *Solomon C. Osborne, Sr.*