# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KELLY MCNEAL, et al.**                                                    **PLAINTIFFS**

**V.**                                                     **NO. 2:70-CV-00029-DMB**

**TATE COUNTY SCHOOL**
**DISTRICT, et al.**                                                        **DEFENDANTS**

## ORDER

On June 14, 2016, this Court issued a Memorandum Opinion and Order directing, among other things, expedited briefing regarding Tate County School District's motion to modify attendance zone lines. Doc. #33. Pursuant to the order, the District was required to file a supplement to its motion to modify on or before June 21, 2016, and Plaintiffs were required to file a response within seven days of the filing of the District's supplement. *Id*. at 9. The District filed its supplement on June 21, 2016. Doc. #35.

On June 23, 2016, Plaintiffs filed a "Motion for Relief Pursuant to Desegregation Order, for Discovery, to Compel Defendants to file Complete Mandated Reports and to Comply with the Requirements of the August 4, 1970 Desegregation Order." Doc. #37. Plaintiffs' motion, which is written entirely in a bold faced font and does not contain a single case citation in ten pages of text, represents that the District has violated numerous requirements of the desegregation order originally entered in this case, including a provision requiring the reporting of the race and number of full-time teachers in the District. *Id*. at ¶ 10. Plaintiffs seek:

> an order from this Court requiring the Defendants to file amended reports with this Court containing the information required by the August 4, 1970, desegregation order. Plaintiffs also request that the time for filing their response be extended to a reasonable time after the Defendants have provided the information which they were ordered to include in their annual report to this

> Court, and which they have not included in the annual report they were ordered to file with this Court.

*Id*. at ¶ 21 (emphases omitted).

> Plaintiffs also pray for an order from this court allowing them to conduct discovery regarding disciplinary action that the Defendant district has taken against black students and black faculty and staff during the period of time that the desegregation order has been in effect; that an order be entered allowing the Plaintiffs to conduct discovery regarding students who have been allowed to transfer into the Tate County District and out of the Tate County District during this same period of time ; that an order be entered allowing Plaintiffs to conduct discovery regarding teacher and faculty assignment to the District schools ; and to conduct discovery regarding the race and number of students who have exercised their option under the "minority /majority transfer program", or "freedom of choice program", since the order of desegregation has been in effect.

*Id*. at ¶ 19 (emphases omitted). In violation of this Court's Local Rules, Plaintiffs' motion does not contain an assertion as to whether the requested relief is opposed, and is not accompanied by a separately filed memorandum. *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion."); *id.* at 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion ….").

Late yesterday afternoon, in response to Plaintiffs' motion, the District filed a supplemental report conceding that the required data showing the number of teachers by race at each school in the District "has not been submitted since 2000." Doc. #38. The supplement purports to provide this data "for years 2010-2011 through 2015-2016," based on data "readily available" to the District. *Id.*; *see* Doc. #38-1. The District represents that it "is still compiling data pre-2010 and will seasonably supplement this report once it obtains same."[1] Doc. #38.

By the District's own admission, and consistent with Plaintiffs' representation, sixteen years of annual reports filed by the District omitted data relating to the race and numbers of full-

---

[1] Any supplementation by the District with pre-2010 data will be difficult to establish as seasonable at this point, which burden lies with the District.

time teachers.[2] While the District admits that some of the information was readily available, it offers no reason as to why it has failed to comply with the August 4, 1970, desegregation order in this regard. The District will therefore be ordered to show cause why it should not be sanctioned for its patent non-compliance.

Additionally, information about the number of teachers by race is necessary for Plaintiffs to respond to statements made by the District in its supplemental brief in support of its motion to modify the attendance zone lines (statements included at the Court's direction) regarding faculty and staff in the District's schools. Consequently, until all such information is submitted by the District, the Court will stay Plaintiffs' response to the District's supplemental brief.

Accordingly, it is ORDERED:

1. Plaintiffs' motion [37] is **GRANTED**[3] **in Part and DEFERRED in Part**. Plaintiffs' motion is granted to the extent it seeks a stay of the deadline to respond to the District's supplemental brief but is deferred in all other respects. Plaintiffs' deadline to respond to the District's supplemental brief is stayed until further order of the Court.[4]

2. The District shall **SHOW CAUSE** by July 5, 2016, why it should not be sanctioned for its failure to comply with the August 4, 1970, desegregation order entered by the Court with respect to its mandate that the District include in its annual reports the number of teachers by race for each school in the District

**SO ORDERED**, this 28th day of June, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court confirmed the same based on its own review of the annual reports filed by the District before the District filed its recent supplemental report.

[3] Such grant is subject to reconsideration upon the filing of a timely response by the District.

[4] Once the Court lifts the stay for Plaintiffs' response, the Court intends to expedite briefing on Plaintiffs' motion in recognition of the current expedited status of this case.