IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**KELLY MCNEAL, et al.**                                                                              **PLAINTIFFS**

**V.**                                  **NO. 2:70-CV-29-DMB**

**TATE COUNTY SCHOOL
DISTRICT, et al.**                                        **DEFENDANTS**

**ORDER**

Since August 4, 1970, the Tate County School District has operated under a desegregation order issued by this Court. Doc. #13-1 at 1. On September 14, 2021, the School District filed a "Petition for Closure of Coldwater High School" ("Closure Petition"). Doc. #123. Over two months later, the plaintiffs filed an untimely response. Doc. #124. On November 24, 2021, the day after its deadline to reply, the School District filed (1) an untimely motion to strike the response, Doc. #125, and (2) a motion for leave to file its reply brief in support of the Closure Petition, Doc. #128.

The plaintiffs did not respond to the School District's motion for leave. However, on December 7, 2021, the plaintiffs filed a "Motion for Additional Time to Respond to Defendants' Motion to Strike and Motiion [sic] to File Supplemental Response to Motion for Closure of Coldwater High School." Doc. #130. The School District responded to this filing on December 21, 2021. Doc. #131.

On March 28, 2022, the School District filed a "Motion Requesting Expedited Review or, Alternatively, for Status Conference." Doc. #132. The Court subsequently held a telephonic status conference with the parties on May 19, 2022. Doc. #136.

On June 2, 2022, the plaintiffs filed an "Amended Response to Petition for Closure of

Coldwater High School,"[1] Doc. #139, and a memorandum in support, Doc. #138. Five days later, they filed a "Motion for Leave of Court to File Plaintiffs Corrected Amended Response to Petition for Closure of Coldwater High School,"[2] Doc. #140, and included as one of the exhibits a proposed corrected amended response, Doc. #140-21. On June 8, 2022, the School District filed a motion to extend until June 20, 2022, its deadline to reply to the plaintiffs' Amended Response. Doc. #141.

As this Court has previously recognized, "[w]here, as here, there has been a finding of de jure segregation, a court must exercise its broad equitable power to review and modify proposed remedies which are intended to create and maintain a unitary school system." Doc. #33 at 7 (internal quotation marks omitted) (citing *Flaxx v. Potts*, 567 F. Supp. 859, 861 (N.D. Tex. 1983)). In this regard, the Court "must ensure the adequacy of the record" in determining whether the proposed amendments work towards "the ultimate goal of achieving a unitary school system." *Id.* at 7, 8.

In the effort to ensure an adequate record on the Closure Petition and decide the Closure Petition on the merits:[3]

1. The plaintiffs' motion for leave [140] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it requests leave to file the proposed corrected amended response and DENIED in all other respects. The proposed

---

[1] Because the response was docketed as a motion, the Clerk of Court instructed the plaintiffs' counsel to refile the document as a response to a motion.

[2] In addition to seeking leave, the plaintiffs request that they be allowed to conduct discovery and have "the opportunity to file a supplemental response and memorandum" after such discovery, the Court hold an evidentiary hearing, and the School District be "required to present affirmative proof that it has come into compliance with the 1970 Desegregation Order." Doc. #140.

[3] The plaintiffs ordinarily must show excusable neglect to justify their untimely responsive filings, including their initial response to the Closure Petition. *See* Fed. R. Civ. P. 6(b). The Court doubts whether the reasons they proffer would rise to such a standard. However, given the specific directive imposed on the Court related to desegregation cases, the Court will allow the filing to ensure an adequate record.

corrected amended response [140-21] is **DEEMED** the plaintiffs' controlling response to the Closure Petition; however, the plaintiffs are **DIRECTED** to file it as a separate docket item no later than June 17, 2022.

2. The School District's motion to strike the initial response [125] is **DENIED as moot**.

3. The School District's motion for leave to reply [128] is **DENIED as moot**.

4. The plaintiffs' December 7 motion [130] is **DENIED as moot**.

5. The School District's motion for extension [141] is **GRANTED**. The School District's deadline to reply in support of the Closure Petition is extended through and until June 20, 2022.[4] After this date, the Court will review the filings on the Closure Petition and determine whether any discovery or an evidentiary hearing is warranted.[5]

6. Given that the Court previously held a status conference with the parties, the motion to expedite [132] is **DENIED as moot**.

**SO ORDERED**, this 13th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Any reply by the School District should address the plaintiffs' proposed corrected amended response, Doc. #140-21, the affidavits filed in support, Docs. #140-1 to #140-20, and the memorandum in support, Doc. #138.

[5] Before filing any additional documents regarding the Closure Petition, the parties should either move to do so or contact chambers to request a conference.